JS 44 (Rev. 06/17)

**CIVIL COVER SHEET**   17-CV-2636

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

17 2636

## I. (a) PLAINTIFFS

Amir Jenkins

## DEFENDANTS

Nohemi Farfan and CT Express

**(b)** County of Residence of First Listed Plaintiff   Philadelphia, PA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Harris County, TX
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Brandon A. Swartz, Esquire, Swartz Culleton PC, 547 E. Washington Avenue, Newtown, PA  18940 215-550-6553

Attorneys *(If Known)*
Andrew P. Zacharda, Esquire, Tompkins McGuire, Wachenfeld & Barry, LLP, 3 Becker Farm Road, 4th Floor, Roseland, NJ  07068
973-623-7790

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government
      Plaintiff

☐ 3  Federal Question
      *(U.S. Government Not a Party)*

☐ 2  U.S. Government
      Defendant

☒ 4  Diversity
      *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                   *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | Slander | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine | Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☒ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | Injury | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1  Original
      Proceeding

☒ 2  Removed from
      State Court

☐ 3  Remanded from
      Appellate Court

☐ 4  Reinstated or
      Reopened

☐ 5  Transferred from
      Another District
      *(specify)*

☐ 6  Multidistrict
      Litigation -
      Transfer

☐ 8  Multidistrict
      Litigation -
      Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. §1332
Brief description of cause:
Motor Vehicle Accident - Personal Injury

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
   UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:**  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions)*

JUDGE _____

DOCKET NUMBER _____

JUN 12 2017

DATE
06/09/2017

SIGNATURE OF ATTORNEY OF RECORD
Andrew P. Zacharda, Esquire

**FOR OFFICE USE ONLY**

RECEIPT #_____  AMOUNT_____  APPLYING IFP_____  JUDGE_____  MAG. JUDGE_____

UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

**17   2636**

Address of Plaintiff: 1825 N. 19th Street, Philadelphia, PA 19121

Address of Defendant: 3120 Decker Drive #2003, Baytown, TX 77520; 34455 Almond Street, Wildomar, CA 92595

Place of Accident, Incident or Transaction: Route 1 North and its intersection with Raymond Road in Monmouth Junction, NJ
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))          Yes□   No☒

Does this case involve multidistrict litigation possibilities?          Yes□   No☒
*RELATED CASE, IF ANY:*
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
          Yes□   No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
          Yes□   No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
          Yes□   No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
          Yes□   No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. □ Indemnity Contract, Marine Contract, and All Other Contracts
2. □ FELA
3. □ Jones Act-Personal Injury
4. □ Antitrust
5. □ Patent
6. □ Labor-Management Relations
7. □ Civil Rights
8. □ Habeas Corpus
9. □ Securities Act(s) Cases
10. □ Social Security Review Cases
11. □ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases:*

1. □ Insurance Contract and Other Contracts
2. □ Airplane Personal Injury
3. □ Assault, Defamation
4. □ Marine Personal Injury
5. ☒ Motor Vehicle Personal Injury
6. □ Other Personal Injury (Please specify)
7. □ Products Liability
8. □ Products Liability — Asbestos
9. □ All other Diversity Cases
    (Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, _____, counsel of record do hereby certify:

□ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

□ Relief other than monetary damages is sought.

DATE: _____          _____          _____
                                    Attorney-at-Law                    Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: June 9, 2017          _____          72948
                                    Attorney-at-Law                    Attorney I.D.#
                            Andrew P. Zacharda

JUN 12 2017

CIV. 609 (5/2012)



# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| AMIR JENKINS | : | CIVIL ACTION |
| | : | |
| v. | : | **17   2636** |
| NOHEMI FARFAN and CT EXPRESS | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  (X)

| June 9, 2017 | Andrew P. Zacharda | Defendants NOHEMI FARFAN and CT EXPRESS |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 973-623-7790 | 973-623-7780 | azacharda@tompkinsmcguire.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

JUN 12 2017



**TMWB**

**17   2636**

**Tompkins, McGuire, Wachenfeld & Barry LLP**
**Attorneys at Law**

**Andrew P. Zacharda | Partner**
Reply to:   3 Becker Farm Road Suite 402
Roseland, New Jersey 07068-1726
T: 973.623.7790 | F: 973.623.7780
New York   212.714.1720
azacharda@tompkinsmcguire.com

Gateway One Center
Suite 615
Newark, N. J. 07102
T: 973.622.3000
F: 973.623.7780

June 9, 2017

**OVERNIGHT DELIVERY**

Clerk
United States District Court, Eastern District of Pennsylvania
U.S. Courthouse
601 Market Street, Room 2609
Philadelphia, PA 19106-1797

> **Re:    Amir Jenkins v. Nohemi Farfan, et al.**
> **CCP Philadelphia County, Case No. 170500900**
> **Our File No. 5608-1**

Dear Sir/Madam:

Enclosed please find the following for filing on behalf of the defendants:

- Notice of Removal (original and one copy);
- Civil Cover Sheet (original and one copy);
- Case Management Track Designation Form (original and one copy);
- Designation Form (original and two copies);
- Defendant's Rule 7.1 Disclosures (original and two copies);
- USB Drive with a copy of the above documents in Adobe format; and
- $400.00 check payable to the United States District Court for the Eastern District of Pennsylvania.

Please file same, and return a filed, stamped copy to the undersigned in the envelope provided. Should you require anything further, please contact me.

Yours very truly,

Andrew P. Zacharda
For:   TOMPKINS, McGUIRE, WACHENFELD & BARRY

APZ:jd
Enclosures
c:   Brandon A. Swartz, Esquire
Court of Common Pleas, Philadelphia County



**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**



| | |
|---|---|
| AMIR JENKINS, | **CIVIL ACTION NO.** |
|                Plaintiff, | |
|    v. | **17 2636** |
| NOHEMI FARFAN and CT EXPRESS, | |
|                Defendants. | |

| | |
|---|---|
| AMIR JENKINS, | **COURT OF COMMON PLEAS** |
|                Plaintiff, | **PHILADELPHIA COUNTY** |
|    v. | **MAY TERM, 2017** |
| NOHEMI FARFAN and CT EXPRESS, | **NO. 00900** |
|                Defendants. | |

**FILED**
JUN 12 2017
By_____ KATE BARKMAN, Clerk
               Dep. Clerk

## NOTICE OF REMOVAL

TO:       Prothonotary
              Court of Common Pleas
              Philadelphia County
              City Hall
              Philadelphia, PA 19107

              Brandon A. Swartz, Esquire
              Swartz Culleton PC
               547 E. Washington Avenue
              Newtown PA 18940
              *Counsel for Plaintiff*

     **PLEASE TAKE NOTICE** that defendants Nohemi Farfan and Quality Logistics, Inc.

d/b/a CT Express, improperly designated as CT Express (collectively, "Defendants") in the

lawsuit "Jenkins v. Farfan, et al.," May Term 2017, docket no. 00900, in the Court of Common

Pleas of Philadelphia County, Pennsylvania through their counsel, Tompkins, McGuire, Wachenfeld & Barry, LLP have filed a Notice of Removal of said action to the United States District Court for the Eastern District of Pennsylvania on the 9th day of June, 2017.

Respectfully,

Andrew P. Zacharda, Esquire

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMIR JENKINS,<br><br>        Plaintiff,<br><br>    v.<br><br>NOHEMI FARFAN and CT EXPRESS,<br><br>        Defendants. | **CIVIL ACTION NO.** |
| AMIR JENKINS,<br><br>        Plaintiff,<br><br>    v.<br><br>NOHEMI FARFAN and CT EXPRESS,<br><br>        Defendants. | **COURT OF COMMON PLEAS PHILADELPHIA COUNTY**<br><br>**MAY TERM, 2017**<br><br>**NO. 00900** |

## PETITION FOR REMOVAL

### TO THE HONORABLE IUDGES OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA:

Defendants Nohemi Farfan and Quality Logistics, Inc. d/b/a CT Express, improperly designated as CT Express (collectively, "Defendants") through their counsel, Tompkins, McGuire, Wachenfeld & Barry, LLP bring this Petition for Removal of the above entitled action from the Court of Common Pleas of Philadelphia County to the United States District Court for the District of New Jersey and in support thereof, state as follows:

1.    This lawsuit arises out of a motor vehicle accident involving the plaintiff Amir Jenkins ("Plaintiff") and defendant Nohemi Farfan ("Farfan") on November 8, 2016 at or near

3

Route 1 North and its intersection with Raymond Road in Monmouth Junction, New Jersey. (Complaint, attached hereto as Exhibit A, ¶¶7-8).

2.      On May 4, 2017, Plaintiff filed a Complaint in the Court of Common Pleas of Philadelphia County, May Term 2017, No, 00900. (Exhibit A).

3.      Pursuant to 28 U.S.C. § 1332(a), the District Courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between (1) citizens of different states, (2) citizens of a state and citizens or subjects of a foreign state, and (3) citizens of different states and in which citizens or subjects of a foreign state are additional parties.

## I.      THERE IS COMPLETE DIVERSITY BETWEEN THE PARTIES.

4.      Plaintiff resides at 1825 N. 19th Street, Philadelphia, Pennsylvania, and is therefore a citizen of Pennsylvania for purposes of removal based on diversity of citizenship. (Exhibit A, ¶1).  *See McCann v. Newman Irrevocable Trust*, 458 F.3d 281, 286 (3d Cir. 2006)(for purposes of diversity jurisdiction, "[c]itizenship is synonymous with domicile ...").

5.      Farfan resides in Baytown, Texas, and is therefore a citizen of Texas for purposes of removal based on diversity of citizenship.  (Exhibit A, ¶2).  *Id.*

6.      Defendant Quality Logistics, Inc. d/b/a CT Express, improperly designated as CT Express is a coproration organized and existing under the laws of the State of California, and is therefore a citizen of California for purposes of removal based on diversity of citizenship. (Exhibit A, ¶3).  28 U.S.C. § 1332(c)(1).

## II.      THIS PETITION IS TIMELY.

7.      In order to remove a lawsuit filed in a state court to a federal district court, a defendant must file a notice of removal within 30 days of the date a plaintiff serves the defendant

4

with a copy of the original pleading or complaint. 28 U.S.C. § 1446(b).

8.      Pursuant to 28 U.S.C. § 1446(b), this Petition for Removal has been filed timely, in that it has been filed within thirty days of Defendants' having been served with the complaint. (See Proof of Service, attached hereto as Exhibit B, indicating that Farfan was served on May 15, 2017 and CT Express was served on May 26, 2017).

9.      The Complaint constitutes the only process, pleadings or order which has been served on Defendants.

10.     There are no other defendants or other parties to this action whose consent was needed to accomplish this removal. *See* 28 U.S.C. § 1446(b)(2)(A).

## III.    THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.

11.     In the Complaint, Plaintiff alleges that Farfan "struck the vehicle in which Plaintiff was travelling as a passenger with such force so as to cause Plaintiff to sustain severe and permanent injuries . . .." (Exhibit A, ¶8).

12.     The Pennsylvania Rules of Civil Procedure state that "[a]ny pleading demanding relief for unliquidated damages shall not claim any specific sum." Pa. R. Civ. P. 1021(b). However, Defendants respectfully assert that the amount in controversy well exceeds $75,000. *See* 28 U.S.C. § 1446(c)(A)(ii).

13.     The injuries complained of include, but are not limited to "right-sided pneumothorax[1], bi-lateral pulmonary contusions, right lung laceration, and injuries to [Plaintiff's] head, chest, neck, back and left leg, as well as aches, pains, mental anxiety and anguish, and a severe shock to his entire nervous system." (Exhibit A, ¶12).

---

[1] Collapsed lung. *See* http://www.mayoclinic.org/diseases-conditions/pneumothorax/home/ovc-20179880 (last accessed June 7, 2017).

14. Plaintiff further alleges that he "has been or will be obliged to receive and undergo medical care and attention and to expend various sums of money and to incur various expenses for the injuries which he suffered, and he may be obliged to continue to expend such sums or incur such expenditures for an indefinite period of time in the future." (Exhibit A, ¶13).

15. Plaintiff also alleges that he "has suffered or may suffer a severe loss of his earnings and/or earning power, and he may incur such loss for an indefinite period in the future." (Exhibit A, ¶14).

16. Additionally, Plaintiff alleges that he "has or may have suffered injuries resulting in the permanent loss of use of a bodily function, dismemberment, and/or scarring, which may be in full or part cosmetic disfigurements which are or may be permanent, irreparable and severe." (Exhibit A, ¶17).

17. Plaintiff filed this case in the Philadelphia County Court of Common Pleas' major jury program and demanded judgment in Plaintiff's favor and against Defendants in an amount in excess of Fifty Thousand ($50,000). (Exhibit A).

18. According to a news story about the incident that forms the basis for the Complaint, Plaintiff was hospitalized for two weeks. (See Exhibit C).

19. It is also worth noting that the driver of Plaintiff's vehicle was killed in the collision. (*Id.*).

20. This Court has observed that "[w]hen diversity exists between the parties in a personal injury suit, 'allegations of severe injuries along with pain and suffering will alert the defendant that an amount in excess of the jurisdictional amount is at issue and trigger the running of the thirty-day removal period.'" *Sims v. PerkinElmer Instruments, LLC*, No. CIV.A. 04CV3773, 2005 WL 746884, at *3 (E.D. Pa. Mar. 31, 2005) (quoting *Carroll v. United Air*

6

*Lines, Inc.,* 7 F.Supp.2d 516, 521 (D.N.J. 1998)). Here, Plaintiff has alleged particularized severe and permanent injuries with pain and suffering.

21.     Finally, and significantly, Plaintiff has not expressly limited the amount sought in his Complaint to less than the jurisdictional minimum. Accordingly, Plaintiff – to the extent he might challenge this Court's subject matter jurisdiction by arguing his claim is less than $75,000 (which Defendants do not believe he will) – bears the burden of proving to a legal certainty that the amount in controversy *could not* exceed the jurisdictional threshold. *Frederico v. Home Depot*, 507 F.3d 188, 197 (3d Cir. 2007).

22.     For all of the foregoing reasons, there is complete diversity of citizenship between the parties, the matter in controversy exceeds the sum of $75,000.00, and jurisdiction is proper with the United States District Court. See 28 U.S.C. §1332(a), 1441(a).

WHEREFORE, Defendants respectfully request that this Honorable Court grant their Petition for Removal.

Respectfully,
TOMPKINS McGUIRE, WACHENFELD
& BARRY, LLP

Dated: June 9, 2017            By:

Andrew P. Zacharda, Esquire
PA Attorney ID No. 72948
3 Becker Farm Road, 4th Floor
Roseland, NJ 07068
azacharda@tompkinsmcguire.com
973-623-7790
Attorney for defendants Nohemi Farfan
 and Quality Logistics, Inc. d/b/a CT Express,
improperly designated as CT Express

7

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| AMIR JENKINS,<br><br>        Plaintiff,<br><br>        v.<br><br>NOHEMI FARFAN and CT EXPRESS,<br><br>        Defendants. | **CIVIL ACTION NO.** |
| AMIR JENKINS,<br><br>        Plaintiff,<br><br>        v.<br><br>NOHEMI FARFAN and CT EXPRESS,<br><br>        Defendants. | **COURT OF COMMON PLEAS**<br>**PHILADELPHIA COUNTY** FILED<br><br>**MAY TERM, 2017** JUN 12 2017<br>KATE BARKMAN, Clerk<br>**NO. 00900** By____ Dep. Clerk |

## CERTIFICATE OF SERVICE

I hereby certify that on this date, a true and correct copy of Notice of Removal filed on behalf of defendants Nohemi Farfan and CT Express (collectively, "Defendants"), along with supporting documents were served on the following by first class mail:

        Prothonotary
        Court of Common Pleas
        Philadelphia County
        City Hall
        Philadelphia, PA 19107

Brandon A. Swartz, Esquire
Swartz Culleton PC
547 E. Washington Avenue
Newtown PA 18940

TOMPKINS McGUIRE, WACHENFELD
& BARRY, LLP

Dated: June 9, 2017                    By:

Andrew P. Zacharda, Esquire
PA Attorney ID No. 72948
3 Becker Farm Road, 4th Floor
Roseland, NJ 07068
azacharda@tompkinsmcguire.com
973-623-7790
Attorney for defendants Nohemi Farfan and Quality
Logistics, Inc. d/b/a CT Express, improperly
designated as CT Express

9

# Exhibit A

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

For Prothonotary Use Only (Docket Number)

**MAY 2017**

E-Filing Number: 170501211777

**000900**

| | |
|---|---|
| **PLAINTIFF'S NAME**<br>AMIR JENKINS | **DEFENDANT'S NAME**<br>NOHEMI FARFAN |
| **PLAINTIFF'S ADDRESS**<br>1825 N. 19TH STREET<br>PHILADELPHIA PA 19121 | **DEFENDANT'S ADDRESS**<br>3120 DECKER DRIVE #2003<br>BAYTOWN TX 77520 |
| **PLAINTIFF'S NAME** | **DEFENDANT'S NAME**<br>CT EXPRESS |
| **PLAINTIFF'S ADDRESS** | **DEFENDANT'S ADDRESS**<br>34455 ALMOND STREET<br>WILDOMAR CA 92595 |
| **PLAINTIFF'S NAME** | **DEFENDANT'S NAME** |
| **PLAINTIFF'S ADDRESS** | **DEFENDANT'S ADDRESS** |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 1 | 2 | ☒ Complaint ☐ Petition Action ☐ Notice of Appeal<br>☐ Writ of Summons ☐ Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | | |
|---|---|---|---|---|
| ☐ $50,000.00 or less<br>☒ More than $50,000.00 | ☐ Arbitration<br>☒ Jury<br>☐ Non-Jury<br>☐ Other: | ☐ Mass Tort<br>☐ Savings Action<br>☐ Petition | ☐ Commerce<br>☐ Minor Court Appeal<br>☐ Statutory Appeals | ☐ Settlement<br>☐ Minors<br>☐ W/D/Survival |

**CASE TYPE AND CODE**
2V - MOTOR VEHICLE ACCIDENT

**STATUTORY BASIS FOR CAUSE OF ACTION**

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | | IS CASE SUBJECT TO<br>COORDINATION ORDER? |
|---|---|---|
| **FILED**<br>**PRO PROTHY**<br><br>MAY **04** 2017<br><br>**K. EDWARDS** | | YES      NO |

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: <u>AMIR JENKINS</u>

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY<br>BRANDON A. SWARTZ | ADDRESS<br>547 E. WASHINGTON AVE.<br>NEWTOWN PA 18940 |
|---|---|
| PHONE NUMBER<br>(215) 550-6553 | FAX NUMBER<br>(215) 550-6557 | |
| SUPREME COURT IDENTIFICATION NO.<br>78344 | E-MAIL ADDRESS<br>bswartz@swartzculleton.com |
| SIGNATURE OF FILING ATTORNEY OR PARTY<br>*BRANDON SWARTZ* | DATE SUBMITTED<br>Thursday, May 04, 2017, 01:19 pm |

FINAL COPY (Approved by the Prothonotary Clerk)

**SWARTZ CULLETON PC**
By: Brandon A. Swartz, Esquire
Identification No. 78344
By: Bryan M. Ferris, Esquire
Identification No. 93105
By: Maria K. McGinty-Ferris, Esquire
Identification No. 92868
547 E. Washington Avenue
Newtown, PA 18940
T: (215) 550-6553
F: (215) 550-6557

Attorneys for Plaintiff,
Amir Jenkins



| | | |
|---|---|---|
| AMIR JENKINS | : | COURT OF COMMON PLEAS |
| 1825 N. 19th Street | : | PHILADELPHIA COUNTY |
| Philadelphia, PA 19121 | : | |
| *Plaintiff* | : | _____ TERM, 2017 |
| vs. | : | |
| | : | NO. |
| NOHEMI FARFAN | : | |
| 3120 Decker Drive #2003 | : | |
| Baytown, TX 77520 | : | |
| - and - | : | |
| CT EXPRESS | : | |
| 34455 Almond Street | : | |
| Wildomar, CA 92595 | : | |
| *Defendants* | : | **JURY TRIAL DEMANDED** |

## NOTICE TO DEFEND

| NOTICE | AVISO |
|---|---|
| You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you. | Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene veinte (20) días de plazo al partir de la fecha de la demanda y la notificación. Hace falta asentar una comparesencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificación. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted. |
| YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP. | LLEVE ESTA DEMANDA A UN ABOGADO IMMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENDE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCIÓN SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL. |
| PHILADELPHIA BAR ASSOCIATION LAWYER REFERRAL AND INFORMATION SERVICE | ASSOCIACION DE LICENCIADOS DE FILADELFIA SERVICO DE REFERENCIA E INFORMACION LEGAL |
| 1101 Market St., 11th Floor Philadelphia, Pennsylvania 19107 Telephone: 215-238-6333 | 1101 Market St., 11th Floor Philadelphia, Pennsylvania 19107 Telefono: 215-238-6333 |

Case ID: 170500900

**SWARTZ CULLETON PC**
By: Brandon A. Swartz, Esquire
Identification No. 78344
By: Bryan M. Ferris, Esquire
Identification No. 93105
By: Maria K. McGinty-Ferris, Esquire
Identification No. 92868
547 E. Washington Avenue
Newtown, PA 18940
T: (215) 550-6553
F: (215) 550-6557

Attorneys for Plaintiff,
Amir Jenkins

| | | |
|---|---|---|
| AMIR JENKINS | : | **COURT OF COMMON PLEAS** |
| 1825 N. 19th Street | : | PHILADELPHIA COUNTY |
| Philadelphia, PA 19121 | : | |
| *Plaintiff* | : | _____ TERM, 2017 |
| vs. | : | |
| | : | NO. |
| NOHEMI FARFAN | : | |
| 3120 Decker Drive #2003 | : | |
| Baytown, TX 77520 | : | |
| - and - | : | |
| CT EXPRESS | : | |
| 34455 Almond Street | : | |
| Wildomar, CA 92595 | : | |
| *Defendants* | : | **JURY TRIAL DEMANDED** |

## CIVIL ACTION COMPLAINT

1.     Plaintiff, Amir Jenkins, is an adult individual and citizen of the Commonwealth of Pennsylvania, residing therein at the above-captioned address.

2.     Defendant, Nohemi Farfan, is an adult individual and citizen of the State of Texas residing at the above-captioned address.

3.     Defendant, CT Express, is believed to be a business entity organized and existing under the laws of the State of California with a principal place of business at the above-captioned address.

4.     Venue exists in Philadelphia County because at least one of the Defendants regularly and continuously conducts business in Philadelphia County.

5.     At all times material herein, Defendant Farfan owned, leased, possessed, maintained, controlled and/or operated a certain 2005 Volvo Tractor Trailer, Texas license plate #R139042, which was involved in the motor vehicle accident hereinafter described.

6.     At all times material herein, Defendant CT Express owned, leased, possessed, maintained, and/or controlled the aforesaid 2005 Volvo Tractor Trailer which was involved in the motor vehicle accident hereinafter described.

7.     On or about November 8, 2016, Plaintiff Amir Jenkins, a minor, was a front-seated passenger in a 2016 Ford Transit Connect owned by Budget Rent a Car of Atlanta and operated by John Jermill Williams, deceased, which was traveling westbound on Raymond Road at its intersection with Route 1 North in Monmouth Junction, New Jersey, and which was involved in the motor vehicle accident hereinafter described.

8.     On or about November 8, 2016, Defendant Farfan was operating the aforesaid 2005 Volvo Tractor Trailer northbound on Route 1 North near its intersection with Raymond Road when, suddenly and without warning, Defendant Farfan failed to stop for a red traffic signal and struck the vehicle in which Plaintiff was travelling as a passenger with such force so as to cause Plaintiff to sustain severe and permanent injuries as described more fully hereinafter.

9.     The aforementioned motor vehicle accident was caused solely and exclusively by reason of the negligence, carelessness and recklessness of the Defendants and was due in no manner to any act or failure to act on the part of Plaintiff.

### COUNT I
### AMIR JENKINS v. NOHEMI FARFAN
### NEGLIGENCE

10.     Plaintiff hereby incorporates by reference paragraphs one (1) through nine (9) of the within Complaint as though the same were fully set forth at length herein.

Case ID: 170500900

11.   The aforesaid motor vehicle accident was caused solely by the carelessness, negligence and recklessness of Defendant Farfan which consisted of the following:

(a)   operating the aforesaid motor vehicle at a high and excessive rate of speed under the circumstances;

(b)   failing to have the aforesaid motor vehicle under proper and adequate control at the time of the motor vehicle accident described herein;

(c)   failing to stop at a red traffic signal;

(d)   operating the aforesaid motor vehicle in an unsafe manner without due regard for the rights and safety of those lawfully upon the roadway, one of whom was Plaintiff, more specifically failing to stop at a red traffic signal and striking the vehicle in which Plaintiff was travelling as a passenger;

(e)   failing to give proper and sufficient warning of the movements of the aforesaid motor vehicle;

(f)   failing to maintain a proper lookout upon the roadway;

(g)   failing to regard the point and position of other vehicles upon the roadway;

(h)   failing to properly determine the distance between the two vehicles so as to avoid a dangerous collision of the type that seriously injured the Plaintiff;

(i)   operating a motor vehicle with disregard for the safety of persons upon the roadway;

(j)   otherwise failing to exercise due and proper care under the circumstances; and

(k)   violating various ordinances and statutes pertaining to the operation of motor vehicles including, but not limited to, failing to stop at a red traffic signal.

12.   By reason of the aforesaid negligence and recklessness of Defendant Farfan, Plaintiff has suffered severe and permanent injuries including, but not limited to, right-sided pneumothorax, bi-lateral pulmonary contusions, right lung laceration, and injuries to his head, chest, neck, back and left leg, as well as aches, pains, mental anxiety and anguish, and a severe

shock to his entire nervous system. Plaintiff has in the past and will in the future undergo severe

pain and suffering as a result of which he has in the past and will in the future be unable to engage

in his usual activities, all to his great detriment and loss.

13.     As a further result of the motor vehicle accident described herein, Plaintiff has been

or will be obliged to receive and undergo medical care and attention and to expend various sums

of money and to incur various expenses for the injuries which he suffered, and he may be obliged

to continue to expend such sums or incur such expenditures for an indefinite period of time in the

future.

14.     As a further result of the motor vehicle accident described herein, Plaintiff has

suffered or may suffer a severe loss of his earnings and/or earning power, and he may incur such

loss for an indefinite period in the future.

15.     As a direct and reasonable result of the aforementioned motor vehicle accident,

Plaintiff may hereafter incur other financial expenses or losses which do or may exceed the

amounts which he may otherwise be entitled to recover under and pursuant to the Pennsylvania

Motor Vehicle Financial Responsibility Law, 75 Pa. C. S. § 1701 et. seq. as amended, for which

he claims damages herein.

16.     Further, by reason of the aforesaid occurrence, Plaintiff has incurred and/or may

hereinafter incur other financial expenses all in an effort to treat and cure himself of the injuries

sustained in the aforesaid accident.

17.     As a further result of the motor vehicle accident described herein, Plaintiff has or

may have suffered injuries resulting in the permanent loss of use of a bodily function,

dismemberment, and/or scarring, which may be in full or part cosmetic disfigurements which are

or may be permanent, irreparable and severe.

18.     As a further result of the motor vehicle accident described herein, Plaintiff has suffered a loss of the enjoyment of his usual duties, avocations, life's pleasures and activities, and the shortening of his life expectancy, all to his great detriment and loss.

19.     As a further result of the aforesaid motor vehicle accident, Plaintiff has suffered great physical pain, suffering and mental anguish, all of which may continue into the future.

20.     Plaintiff in no manner contributed to his injuries which were the direct and proximate result of Defendant Farfan's negligence, carelessness and recklessness.

21.     At all times relevant hereto, Plaintiff is and has been entitled to Full-Tort status under the Pennsylvania Motor Vehicle Code.

WHEREFORE, Plaintiff, Amir Jenkins, demands judgment against Defendant, Nohemi Farfan, in an amount in excess of Fifty Thousand Dollars ($50,000.00), including punitive damages.

## COUNT II
### AMIR JENKINS v. CT EXPRESS
### NEGLIGENCE

22.     Plaintiff hereby incorporates by reference paragraphs one (1) through twenty-one (21) of the within Complaint as though the same were fully set forth at length herein.

23.     The aforesaid motor vehicle accident was caused solely by the carelessness, negligence and recklessness of Defendant CT Express which consisted of the following:

(a)     operating the aforesaid motor vehicle at a high and excessive rate of speed under the circumstances;

(b)     failing to have the aforesaid motor vehicle under proper and adequate control at the time of the motor vehicle accident described herein;

(c)     failing to stop at a red traffic signal;

(d)     operating the aforesaid motor vehicle in an unsafe manner without due regard for the rights and safety of those lawfully upon the roadway, one of

whom was Plaintiff, more specifically failing to stop at a red traffic signal and striking the vehicle in which Plaintiff was travelling as a passenger;

(e)    failing to give proper and sufficient warning of the movements of the aforesaid motor vehicle;

(f)    failing to maintain a proper lookout upon the roadway;

(g)    failing to regard the point and position of other vehicles upon the roadway;

(h)    failing to properly determine the distance between the two vehicles so as to avoid a dangerous collision of the type that seriously injured the Plaintiff;

(i)    entrusting a motor vehicle to Defendant Farfan;

(j)    failing to discover prior motor vehicle accidents of Defendant Farfan;

(k)    failing to properly recognize prior incidences of Defendant Farfan driving in a reckless, negligent and/or careless manner; and

(l)    failing to properly hire employees and/or drivers qualified to drive;

(m)    failing to properly train, monitor and supervise its employees and/or drivers;

(n)    failing to train employees and/or drivers on proper driving safety;

(a)    otherwise failing to exercise due and proper care under the circumstances; and

(b)    violating various ordinances and statutes pertaining to the operation of motor vehicles.

24.    By reason of the aforesaid negligence and recklessness of Defendant CT Express, Plaintiff has suffered severe and permanent injuries including, but not limited to, right-sided pneumothorax, bi-lateral pulmonary contusions, right lung laceration, and injuries to his head, chest, neck, back and left leg, as well as aches, pains, mental anxiety and anguish, and a severe shock to his entire nervous system. Plaintiff has in the past and will in the future undergo severe

pain and suffering as a result of which he has in the past and will in the future be unable to engage in his usual activities, all to his great detriment and loss.

25.     As a further result of the motor vehicle accident described herein, Plaintiff has been or will be obliged to receive and undergo medical care and attention and to expend various sums of money and to incur various expenses for the injuries which he suffered, and he may be obliged to continue to expend such sums or incur such expenditures for an indefinite period of time in the future.

26.     As a further result of the motor vehicle accident described herein, Plaintiff has suffered or may suffer a severe loss of his earnings and/or earning power, and he may incur such loss for an indefinite period in the future.

27.     As a direct and reasonable result of the aforementioned motor vehicle accident, Plaintiff may hereafter incur other financial expenses or losses which do or may exceed the amounts which he may otherwise be entitled to recover under and pursuant to the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa. C. S. § 1701 et. seq. as amended, for which he claims damages herein.

28.     Further, by reason of the aforesaid occurrence, Plaintiff has incurred and/or may hereinafter incur other financial expenses all in an effort to treat and cure himself of the injuries sustained in the aforesaid accident.

29.     As a further result of the motor vehicle accident described herein, Plaintiff has or may have suffered injuries resulting in the permanent loss of use of a bodily function, dismemberment, and/or scarring, which may be in full or part cosmetic disfigurements which are or may be permanent, irreparable and severe.

30.     As a further result of the motor vehicle accident described herein, Plaintiff has suffered a loss of the enjoyment of his usual duties, avocations, life's pleasures and activities, and the shortening of his life expectancy, all to his great detriment and loss.

31.     As a further result of the aforesaid motor vehicle accident, Plaintiff has suffered great physical pain, suffering and mental anguish, all of which may continue into the future.

32.     Plaintiff in no manner contributed to his injuries which were the direct and proximate result of Defendant CT Express' negligence, carelessness and recklessness.

33.     At all times relevant hereto, Plaintiff is and has been entitled to Full-Tort status under the Pennsylvania Motor Vehicle Code.

WHEREFORE, Plaintiff, Amir Jenkins, demands judgment against Defendant, CT Express in an amount in excess of Fifty Thousand Dollars ($50,000.00), including punitive damages.

<div style="margin-left:40%">

Respectfully,

**SWARTZ CULLETON PC**

By:     /s/Brandon A. Swartz
   Brandon A. Swartz, Esquire
   Bryan M. Ferris, Esquire
   Maria K. McGinty-Ferris, Esquire
   Attorneys for Plaintiff,
   Amir Jenkins

</div>

Date: May 4, 2017

## VERIFICATION

     I, _____, hereby state that I am the Plaintiff in this action and verify that the statements made in the foregoing Civil Action Complaint are true and correct to the best of my knowledge, information and belief. The undersigned understands that the statements herein are made subject to the penalties of 18 Pa. C.S. 4904 relating to unsworn falsification to authorities.

Dated: _____

_____

S:\OFFICE\FORMS\VERIFICATIONS\Verification.doc

# Exhibit B

**SWARTZ CULLETON PC**
By: Brandon A. Swartz, Esquire
Identification No. 78344
By: Bryan M. Ferris, Esquire
Identification No. 93105
By: Maria K. McGinty-Ferris, Esquire
Identification No. 92868
547 E. Washington Avenue
Newtown, PA 18940
T: (215) 550-6553
F: (215) 550-6557

Attorneys for Plaintiff,
Amir Jenkins

Filed and Attested by the
Office of Judicial Records
05 JUN 2017 03:07 pm
A. SILIGRINI

| AMIR JENKINS | | : | **COURT OF COMMON PLEAS** |
|---|---|---|---|
| | *Plaintiff* | : | PHILADELPHIA COUNTY |
| | | : | |
| vs. | | : | |
| | | : | MAY TERM, 2017 |
| NOHEMI FARFAN | | : | |
| - and - | | : | NO.   00900 |
| CT EXPRESS | | : | |
| | *Defendants* | : | **JURY TRIAL DEMANDED** |

## PROOF OF SERVICE

I, Maria K. McGinty-Ferris, a competent adult, hereby certify and affirm that on **May 26,**

**2017,** I caused to have served, by Certified Mail, a true and correct copy of Plaintiff's Complaint

on Defendant CT Express, 34455 Almond Street, Wildomar, CA 92595.

/s/Maria K. McGinty-Ferris
Maria K. McGinty-Ferris, Esq.

Dated: June 5, 2017

Case ID: 170500900



**SWARTZ CULLETON PC**
By: Brandon A. Swartz, Esquire
Identification No. 78344
By: Bryan M. Ferris, Esquire
Identification No. 93105
By: Maria K. McGinty-Ferris, Esquire
Identification No. 92868
547 E. Washington Avenue
Newtown, PA 18940
T: (215) 550-6553
F: (215) 550-6557

Attorneys for Plaintiff,
Amir Jenkins

Filed and Attested by the
Office of Judicial Records
05 JUN 2017 03:04 pm
A. SILIGRINI

| | | | |
|---|---|---|---|
| **AMIR JENKINS** | | : | **COURT OF COMMON PLEAS** |
| | *Plaintiff* | : | PHILADELPHIA COUNTY |
| | | : | |
| vs. | | : | |
| | | : | MAY TERM, 2017 |
| **NOHEMI FARFAN** | | : | |
| - and - | | : | NO.   00900 |
| **CT EXPRESS** | | : | |
| | *Defendants* | : | **JURY TRIAL DEMANDED** |

### PROOF OF SERVICE

I, Maria K. McGinty-Ferris, a competent adult, hereby certify and affirm that on **May 15,**

**2017,** I caused to have served, by Certified Mail, a true and correct copy of Plaintiff's Complaint

on Defendant Nohemi Farfan, 3120 Decker Drive, #2003, Baytown, TX 77520.

/s/Maria K. McGinty-Ferris
Maria K. McGinty-Ferris, Esq.

Dated: June 5, 2017

Case ID: 170500900



# USPS Tracking® Results

FAQs ❯ (http://faq.usps.com/?articleId=220900)

**Track Another Package +**

Remove ✕

**Tracking Number:** 70161970000014079716

▶          ▶          ❯          Delivered

**Updated Delivery Day:** Monday, May 15, 2017 ⓘ
## Product & Tracking Information

See Available Actions

**Postal Product:**
First-Class Mail®

**Features:**
Certified Mail™
Return Receipt

**See tracking for related item:** 9590940216086053983810 (/go/TrackConfirmAction?
tLabels=9590940216086053983810)

| DATE & TIME | STATUS OF ITEM | LOCATION |
|---|---|---|
| **May 15, 2017, 12:25 pm** | **Delivered, To Mail Room** | **BAYTOWN, TX 77520** |
|  | ▲ |  |
| Your item has been delivered to the mail room at 12:25 pm on May 15, 2017 in BAYTOWN, TX 77520. | | |
| May 15, 2017, 8:22 am | Arrived at Unit | BAYTOWN, TX 77521 |
| May 14, 2017, 6:13 pm | Departed USPS Destination Facility | NORTH HOUSTON, TX 77315 |
| May 12, 2017, 9:49 am | Undeliverable as Addressed | BAYTOWN, TX 77520 |

See More ⌄

## Available Actions

**Text Updates** ⌄

**Email Updates** ⌄

See Less ⌃

## Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

**FAQs (http://faq.usps.com/?articleId=220900)**

Case ID: 170500900

**There's an easier way to track your packages.**

Why jump from page to page to track packages being sent to you? With My USPS™, you can easily track all your packages in one place. Sign up to:

- Set up automatic email and text alerts, so you'll never have to manually track a package again
- Provide delivery instructions, so your carrier knows where to leave packages

**Sign Up**

**(https://reg.usps.com/entreg/RegistrationAction_input?**

(https://www.usps.com/)          **app=UspsTools&appURL=https%3A%2F%2Ftools.usps.com%2Fgo%2FTrackConfirmAction%21input**

**HELPFUL LINKS**

Contact Us
(https://www.usps.com/help/welcome.htm)

Site Index (https://www.usps.com/globals/site-index.htm)

FAQs (http://faq.usps.com/)

**ON ABOUT.USPS.COM**

About USPS Home (http://about.usps.com/)

Newsroom
(http://about.usps.com/news/welcome.htm)

USPS Service Updates
(http://about.usps.com/news/service-alerts/welcome.htm)

Forms & Publications
(http://about.usps.com/forms-publications/welcome.htm)

Government Services
(https://www.usps.com/gov-services/gov-services.htm)

Careers
(http://about.usps.com/careers/welcome.htm)

**OTHER USPS SITES**

Business Customer Gateway
(https://gateway.usps.com/)

Postal Inspectors
(https://postalinspectors.uspis.gov/)

Inspector General (http://www.uspsoig.gov/)

Postal Explorer (http://pe.usps.com/)

National Postal Museum
(http://www.postalmuseum.si.edu/)

Resources for Developers
(https://www.usps.com/webtools/welcome.htm)

**LEGAL INFORMATION**

Privacy Policy (http://about.usps.com/who-we-are/privacy-policy/privacy-policy-highlights.htm)

Terms of Use
(http://about.usps.com/termsofuse.htm)

FOIA (http://about.usps.com/who-we-are/foia/welcome.htm)

No FEAR Act EEO Data
(http://about.usps.com/who-we-are/no-fear-act/welcome.htm)

Copyright © 2017 USPS. All Rights Reserved.

 (https://www.facebook.com/USPS?rf=108501355848630)    (https://twitter.com/usps)

 (http://www.pinterest.com/uspsstamps/)    (https://www.youtube.com/usps)

Case ID: 170500900

# Exhibit C

---

ADVERTISING

---

# Texas truck driver charged in fatal Route 1 crash, police say

 By **Craig McCarthy | NJ Advance Media for NJ.com**
**Email the author** | **Follow on Twitter**
on December 08, 2016 at 3:33 PM, updated December 08, 2016 at 5:07 PM

**SOUTH BRUNSWICK** -- Police have charged a Texas tractor-trailer driver in a **November accident on Route 1** that left one person dead and another seriously injured.

The accident happened on Nov. 8 after the truck driver, Nohemi Farfan, 45, ran a red light as she headed north on Route 1. Farfan swerved and hit a Ford van crossing the highway, according to Chief Raymond Hayducka of the South Brunswick Police Department.

The driver of the 2016 Ford Transit Connect, John Jermill Williams, 29, of Hampton, Georgia, was pronounced dead at University Medical Center of Princeton at Plainsboro shortly after.

A 17-year-old passenger was thrown from the van. The Philadelphia teen was hospitalized for two weeks before he was released, police said.

Farfan, of Baytown, Texas, was taken to Robert Wood Johnson University Hospital for her injuries.

Farfan has been charged with reckless driving, careless driving, failure to observe traffic control device, and unsafe lane change. He could face up to 60 days in jail and have his license suspended, police said.

*Craig McCarthy may be reached at **CMcCarthy@njadvancemedia.com**. Follow him on Twitter **@createcraig** and on **Facebook here**. Find NJ.com on **Facebook**.*

Registration on or use of this site constitutes acceptance of our **User Agreement** and **Privacy Policy**

© 2017 New Jersey On-Line LLC. All rights reserved (**About Us**).
The material on this site may not be reproduced, distributed, transmitted, cached or otherwise used, except with the prior written permission of New Jersey On-Line LLC.

**Community Rules** apply to all content you upload or otherwise submit to this site.

▷ **Ad Choices**

# TMWB

## Tompkins, McGuire, Wachenfeld & Barry LLP
### Attorneys at Law

**Andrew P. Zacharda | Partner**
Reply to:  **3 Becker Farm Road Suite 402**
**Roseland, New Jersey 07068-1726**
**T: 973.623.7790 | F: 973.623.7780**
**New York 212.714.1720**
**azacharda@tompkinsmcguire.com**

**Gateway One Center**
**Suite 615**
**Newark, N. J. 07102**
**T: 973.622.3000**
**F: 973.623.7780**

June 9, 2017

## OVERNIGHT DELIVERY

Clerk
United States District Court, Eastern District of Pennsylvania
U.S. Courthouse
601 Market Street, Room 2609
Philadelphia, PA 19106-1797

      **Re:**    **Amir Jenkins v. Nohemi Farfan, et al.**
               **CCP Philadelphia County, Case No. 170500900**
               **Our File No. 5608-1**

Dear Sir/Madam:

      Enclosed please find the following for filing on behalf of the defendants:

- Notice of Removal (original and one copy);
- Civil Cover Sheet (original and one copy);
- Case Management Track Designation Form (original and one copy);
- Designation Form (original and two copies);
- Defendant's Rule 7.1 Disclosures (original and two copies);
- USB Drive with a copy of the above documents in Adobe format; and
- $400.00 check payable to the United States District Court for the Eastern District of Pennsylvania.

      Please file same, and return a filed, stamped copy to the undersigned in the envelope provided. Should you require anything further, please contact me.

                    Yours very truly,

                    Andrew P. Zacharda
          For:   TOMPKINS, McGUIRE, WACHENFELD & BARRY

APZ:jd
Enclosures
c:     Brandon A. Swartz, Esquire
       Court of Common Pleas, Philadelphia County