**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | | |
|---|---|---|---|
| **AMIR JENKINS,** | | : | |
| | **Plaintiff** | : | **No. 17-2636** |
| v. | | : | |
| | | : | |
| **NOHEMI FARFAN and** | | : | |
| **CT EXPRESS,** | | : | |
| | **Defendants** | : | |

## ORDER

This 10th day of July, 2017, upon consideration of Defendants' Motion to Dismiss for Lack of Jurisdiction and the Response and Reply thereto, it is hereby **ORDERED**  that the Motion is **GRANTED** and this action is **DISMISSED**, without prejudice, for the reasons below.

Plaintiff has not met his burden of coming forward with facts to establish that I have jurisdiction in this case.  *Patterson by Patterson v. F.B.I.*, 893 F.2d 595, 604 (3d Cir.1990).   A federal court can exercise jurisdiction over non-resident defendants only if a Plaintiff can show that (1) the defendants either maintained "continuous and systematic contacts" with the forum state (general jurisdiction), or (2) the defendants "purposefully directed [their] activities" at the forum state and the case at hand "arises out of or relates to" the defendant's activities in the state (specific jurisdiction).  *See D'Jamoos v. Pilatus Aircraft Ltd.*, 566 F.3d 94, 107–08 (3d Cir.2009); *O'Connor v. Sandy Lane Hotel Co., Ltd.*, 496 F.3d 312, 317 (3d Cir.2007).

There is no colorable basis upon which to establish specific jurisdiction.  As to general jurisdiction, Plaintiff makes a single allegation in his complaint, that "at least one of the Defendants regularly and continuously conducts business in Philadelphia County."  In the face of this motion, Plaintiff does not cite to any investigation conducted by counsel that would give weight to this contention, let alone present affidavits or evidence available from the public

domain that might support jurisdiction, aside from repeatedly stating that the accident occurred

"just sixteen miles from the Pennsylvania border."

Plaintiff's response to the Motion lacks sufficient force to justify discovery at this

juncture.  *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2002).  Consequently,

this action is dismissed, albeit without prejudice.


 /s/ Gerald Austin McHugh
United States District Judge